### CHAPMAN vs. SPICER.

A motion to exclude depositions, must specify the objections to their being read.

### APPEAL from Chariton Circuit Court.

JOHN B. CLARK, *for Appellant, insists:*

1. That Doxey and Compton's depositions were received in evidence without the proof required by law, of the existence of the cause that authorized their reception. Rev. Stat. '45, chap. 48, § 20; Rev. Stat. of '25, Title Depositions, § 4.

2. The damages are excessive.

Jo. DAVIS, *for Appellee, insists:*

That as Chapman pointed out no particular objection to the reading of the depositions, except a general sweeping one, that this Court will not now hear his objections.

It may be that this Court would be called upon to reverse the case upon a point never brought to the view of the court below—and one which could have been removed in a moment by calling a witness. See Fields vs. Hunter, 8 Mo. Rep., 128.

McBRIDE, J., *delivered the opinion of the Court.*

William Spicer brought an action of assumpsit in the Chariton Circuit Court, against Charles A. Chapman, for work and labor, &c., to which he pleaded non-assumpsit, with notice of set-off. Upon the trial had before the jury, the plaintiff offered to read in evidence certain depositions taken in the cause, to which the defendant objected, but the court overruled his objections, and permitted them to be read. After other evidence was given, the jury found a verdict for the plaintiff, whereupon the defendant moved to set the same aside and grant him a new trial, assigning the usual reasons therefor, which the court overruled, to which he excepted and has appealed to this Court.

The only question for the determination of this Court is, whether the Circuit Court improperly overruled the defendant's objection to the reading of the depositions taken in the cause, and permitting them to be read as evidence. The bill of exceptions states that "the plaintiff offered to read in evidence the depositions of James Doxey and Charles Compton, which was objected to by the defendant, the objections of the defendant were overruled by the court, and the said depositions were read to the jury." The record does not contain any written motion to suppress or exclude the depositions, and we are left to conjecture what was the objection which the defendant made to their reading. It is stated in the brief of the defendant's counsel, that the depositions were received in evidence without the proof required by law of the existence of the cause that authorized their reception. Our Statute, R. C. 1845, p. 419, § 20, provides that, "examinations or depositions taken, and returned in conformity to the provisions of this law, may be read, and used as evidence in the cause in which they shall have been taken, as if the witnesses were present and examined in open court, on the trial thereof," specifying six distinct and seperate cases in which it is competent to take and read depositions in a cause. The objection taken to the reading of the depositions was a general one, leaving the court to find out if it could, the specific cause of such objection, and thus endeavouring to impose upon

the Circuit Court the burden and trouble of looking out defects, a duty belonging peculiarly to the counsel in the cause. If there really exists any objections to depositions in a cause which would call for a motion to exclude them from the jury, the attorney making the motion has doubtless discovered such defect, and it is imposing no hardship on him to require that in his motion to exclude, he shall assign his reasons, that the attention of the judge may at once be directed to them, and a decision be had on the points which he presents. This will also enable the appellate court to see the question presented and decided by the Circuit Court, and if erroneously decided, to reverse the judgment of that court. It is the only safe mode, by which this Court can legitimately exercise its revising power. The counsel for the defendant having failed to present to the Circuit Court his specific objections to the depositions, that court did right in overruling his motion.

The judgment of the Circuit Court is affirmed.